# EXHIBIT A

LAW OFFICES
**BORBI, CLANCY & PATRIZI**
**John D. Borbi, Esquire, ID # 021521990**
999 Route 73 North, Suite 103
Marlton, New Jersey 08053
(856) 424-5400
Attorneys for Plaintiffs

| | |
|---|---|
| KEITH HACKER,<br><br>           Plaintiff(s),<br>vs.<br><br>CARLOS JAIME-VALDEZ; MICHELE DONATO; JOHN DOE (Fictitious Names A-Z as employer or principal for Defendant, Carlos Jaime-Valdez) and PROGRESSIVE INSURANCE COMPANY, i/j/s/a<br><br>           Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

Plaintiff, Keith Hacker, residing at 68 Dock Avenue, Waretown, County of Ocean and State of New Jersey by way of Complaint against the Defendants say:

### FIRST COUNT

1. On or about January 27, 2018, Plaintiff, Keith Hacker was a lawful operator of a certain motor vehicle which was traveling south on Route 9 in Township of Berkeley, County of Ocean and State of New Jersey.

2. At the aforesaid time and place, Defendant, Carlos Jaime-Valdez was the lawful operator of a certain motor vehicle which was traveling north on Route 9 in the Township of Berkeley, County of Ocean and State of New Jersey.

3. At the aforesaid time and place, Defendant, Carlos Jaime-Valdez, did so carelessly and negligently operate his motor vehicle by crossing over the double yellow line into the southbound lane and collided into and against the vehicle operated by the Plaintiff, Keith Hacker, resulting in a violent collision.

4. Said collision was caused and/or substantially contributed to by the carelessness and negligence of Defendant, Carlos Jaime-Valdez, in that he failed to make proper observations of traffic conditions, was traveling at a high rate of speed excessive for traffic conditions then and there existing, failed to apply his braking apparatus, failed to properly maintain his vehicle, was in disregard of the rights of others using the public roadway and this defendant was otherwise careless and negligent and in violation of the Motor Vehicle Statutes of the State of New Jersey.

5. As a direct and proximate result of the carelessness and negligence of the Defendant Carlos Jaime-Valdez, as aforesaid, Plaintiff, Keith Hacker, sustained severe personal injuries both internal and external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and physical discomfort; has compelled, is now being compelled and may in the future be compelled to expend large sums of money for medical attention in an attempt to cure and alleviate his injuries; has been unable and may in the future be unable to pursue his normal activities resulting in a loss of income; and has been otherwise damaged.

WHEREFORE, Plaintiff, Keith Hacker demands judgment against the Defendant, Carlos Jaime-Valdez for such sums as would reasonably and properly compensate him in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff hereby repeats and incorporates herein each and every paragraph contained in the Complaint but for the sake of brevity are not set forth at length.

2. At the aforesaid time and place Defendant, Michele Donato was the owner of a certain motor vehicle operated by Defendant, Carlos Jaime-Valdez. At that time Defendant, Carlos Jaime-Valdez was acting as an agent, servant and/or employee of Defendant, Michele Donato therefore his acts of negligence are imputed to Defendant, Michele Donato.

WHEREFORE, Plaintiff, Keith Hacker demands judgment against the Defendant, Michele Donato for such sums as would reasonably and properly compensate him in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff hereby repeats and incorporates herein each and every paragraph contained in this Complaint but for the sake of brevity are not set forth at length.

2. At the aforesaid time and place, the Defendant, Carlos Jaime-Valdez, was operating the aforesaid motor vehicle in the course of his employment or agency with the Defendant, John Doe(s) A-Z (Fictitious names as employers and/or principals of Defendant, Carlos Jaime-Valdez) herein after referred to as Defendant, "John Doe(s)", and therefore his acts of negligence are imputed to the Defendant, John Doe(s).

WHEREFORE, the Plaintiff, Keith Hacker, demands judgment against the Defendant,

John Doe(s) A-Z (Fictitious names as employers and/or principals of Defendant, Carlos Jaime-Valdez) for such sums as would reasonably and properly compensate him in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

### FOURTH COUNT

1. Plaintiff repeats each and every paragraph of the previous Counts but for the sake of brevity they are not set forth at length.

2. At said time and place, Plaintiff, Keith Hacker was insured with a policy of automobile insurance with Progressive Insurance Company, under policy # 17466722 which policy provides for uninsured/underinsured motorist coverage.

3. Plaintiff has learned that the tortfeasor, Defendant, Carlos Jaime-Valdez was underinsured at the time of the accident.

4. As a result of the negligence, carelessness, and recklessness of said underinsured motorist, Plaintiff, Keith Hacker has been injured, has suffered pain, has had his quality of life impaired and has been otherwise been damaged.

WHEREFORE, Plaintiff, Keith Hacker demands judgment against the Defendant, Progressive Insurance Company for such sums as would reasonable and properly compensate him pursuant to the laws of the State of New Jersey together with interest and costs of suit.

### FIFTH COUNT

1. Plaintiff repeats each and every paragraph of the previous Counts but for the sake of brevity they are not set forth at length.

WHEREFORE Plaintiff, Keith Hacker demands judgment against the Defendants, Carlos Jaime-Valdez; Michele Donato; John Doe (Fictitious Names A-Z as employer or principal for Defendant, Michele Donato) and Progressive Insurance Company, individually, jointly, severally and/or in the alternative for such sums as would reasonably and properly compensate him in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

BORBI, CLANCY & PATRIZI
Attorney for Plaintiff(s)

By: JOHN D. BORBI

Dated: December 13, 2019

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues.

                                                          **BORBI, CLANCY & PATRIZI**
                                                          Attorney for Plaintiff(s)

                                                          By: JOHN D. BORBI

Dated: December 13, 2019

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, John D. Borbi, Esquire, is hereby designated as trial counsel in the above matter.

                                                          **BORBI, CLANCY & PATRIZI**
                                                          Attorney for Plaintiff(s)

                                                          By: JOHN D. BORBI

Dated:  December 13, 2019

## **CERTIFICATION**

John D. Borbi, Esquire certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time.

I certify that the foregoing statements made by me are true and accurate. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
JOHN D. BORBI

Dated: December 13, 2019