# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

United States Courthouse
402 East State Street, Room 241
Trenton, New Jersey  08608

**Hon. Christine M. Gravelle**  609-858-9370
United States Bankruptcy Judge  Fax   609-989-0431

September 11, 2023

John P. Di Iorio, Esq.
Shapiro Croland Reiser Apfel & Di Iorio
Continental Plaza II, 6th Floor
411 Hackensack Avenue
Hackensack, NJ 07601-6328
jdiiorio@shapiro-croland.com

Gaston P. Loomis, II, Esq.
McElroy Deutsch Mulvaney & Carpenter LLP
300 Delaware Avenue
Suite 1014
Wilmington, DE 19801
gloomis@mdmc-law.com

Gary D. Bressler, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
300 Delaware Ave.
Suite 1014
Wilmington, DE 19801
gbressler@mdmc-law.com

>       **In re Carlos M. Jaime**
>       Chapter 7 – Case No. 21-14025 (CMG)
>
>       **Motion for Reconsideration**

Dear Litigants:

   Before the Court is a motion filed by creditor Keith Hacker ("Hacker") for reconsideration of an order re-opening debtor Carlos M. Jaime's ("Jaime") chapter 7 bankruptcy case and determining that a post-petition judgment obtained by Hacker against Jaime is unenforceable beyond the $200,000 insurance policy limit and that the judgment be molded to $200,000.

Hacker's motion, in essence, seeks to bring forth new arguments. In doing so he fails to meet the standard for reconsideration in that he fails to cite to any clear error of fact or law in the prior decision. For that reason, the motion must be DENIED.

The parties are familiar with the factual history. Jaime and Hacker were involved in an automobile accident in 2018, leading to Hacker filing a state court lawsuit against Jaime and others. Jaime had automobile insurance with a policy limit of $200,000 (the "Policy"). During the course of the state court action Jaime filed a chapter 7 bankruptcy. Jaime sought to stay the state court case during the bankruptcy. Hacker opposed, indicated that he only sought to pursue the action to the extent of the insurance coverage. He then filed a "Motion to Lift the Automatic Stay to the Extent of Insurance Coverage" in the bankruptcy court. The motion was unopposed and was granted.

The parties proceeded in state court. On January 25, 2022, after arbitration, Hacker's counsel sent a letter to opposing counsel advising that the arbitration award was "far in excess of the available policy limits" and that his office "filed an Offer of Judgment in the amount of $200,000.00 against your insured." He cautioned the parties that they were "clearly exposing your insured to an excess verdict" and that he would "hold your insured directed responsible for any excess verdict and also seek a bad faith claim against your respective insurance carriers." At trial a verdict in the amount of $1,600,000 was rendered in favor of Hacker. Jaime opposed the entry of judgment and moved to mold the verdict to the policy limit of $200,000. The state court held that the judgement was valid but deferred to the bankruptcy court on the issue on whether it could be molded or limited.

Jaime then moved before the bankruptcy court to reopen and determine that the judgment was not enforceable beyond the policy limit or that it should be molded to that limit. Hacker

opposed and filed a cross-motion for a determination that the debt was non-dischargeable under 11 U.S.C. § 523(a)(9) because the accident resulted from Jaime's intoxication while operating a motor vehicle. His opposition posited that there was a distinction between economic damages and non-economic, person-injury damages, which he believed were non-dischargeable. Judge Ferguson considered the arguments of the parties and found that by agreeing to limit stay relief to the policy limit, Hacker lost the right to pursue the debtor personally. She ultimately granted Jaime's motion and denied Hacker's cross-motion.

Hacker now seeks reconsideration. He advances a far different theory than was argued in the original motion. He now concedes that he was limited in his pursuit of Jaime only up to the policy limits. However, he believes that Judge Ferguson erred by failing to consider Hacker's argument that the limitation on Hacker's ability to collect from Debtor did not preclude him from asserting a post-petition bad faith claim against Debtor's insurers under New Jersey law. Jaime filed opposition and the Court heard oral argument on August 29, 2023.

While the federal bankruptcy rules do not specifically address motions for reconsideration, generally such a motion is considered under FRBP 9023. Prudential Ins. Co. v. Farley (In re Farley), 158 B.R. 48, 52 (E.D. Pa. 1993). FRBP 9023 applies F. R. Civ. P. 59 in bankruptcy cases, with limited exceptions, and allows for the altering or amendment of judgments. A party seeking to alter or amend a judgment must rely on one of three grounds: 1) an intervening change in controlling law; 2) the availability of new evidence that was not available when the court entered judgment; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not intended to be a "second bite at the apple." Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such a

motion is not to be used as "an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment." Johnny Blastoff, Inc. v. Los Angeles Rams Football Co., 188 F.3d 427, 439 (7th Cir. 1999); Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. at 1220 (reconsideration motion cannot be used as "a vehicle to reargue the motion or to present evidence which should have been raised before"). Motions for reconsideration are "not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Motions for Reconsideration under R. 59(e) should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F.Supp. 2d 502, 504 (M.D. Pa. 1999).

Before turning to the analysis, this Court must first acknowledge the added difficulties in reconsidering the decision of another judge. In this case Judge Ferguson retired in the time between the original ruling and the hearing on reconsideration. I am somewhat limited in that it is impossible to know precisely the consideration given to certain facts and arguments in her original decision.

With that said, Hacker's motion does not cite to any change in law or unknown facts. He instead appears to rely on the need to correct a clear error of law in that he believes Judge Ferguson failed to consider his ability to collect on the judgment from third-parties. Because the judgment was well in excess of the Offer of Judgment, Hacker believes that the insurance company acted in bad faith, and he should still be able to pursue the company on the excess verdict. He believes that he put the parties on notice of this through the January 25, 2022 letter.

Upon review of the record, it is apparent that any such failure on the part of Judge Ferguson was the direct result of Hacker's failure to raise the issue. Apart from citing to the January 25,

2022 letter and passing references to insurance and bad faith, the motion was premised upon the ability to pursue Jaime, not the insurance company. Hacker treats this motion more as a clarification than a motion for reconsideration. But even then, the entered order mirrors the proposed order appended to Jaime's motion. Any such "clarifications" could have- and should have- been raised at the original hearing. Instead, the reconsideration reads as an entirely new legal argument. Caselaw is clear that this is not the purpose of a motion for reconsideration.

To the extent this Court were to consider these belated arguments, they nonetheless fail. Judge Ferguson's ruling was that Hacker agreed to limit stay relief to the limits to the insurance policy. The seminal case relating to bad faith claims against an insurer is <u>Rova Farms Resort, Inc. v. Investors Ins. Co. of America</u>, 65 N.J. 474 (1974). That case relates to an insurer's duty to the insured party, <u>not</u> a third party. For Hacker to hold a claim against the insurance company, Jaime would need to assign his bad faith claim to Hacker. But he has no obligation to do so. As he is no longer personally liable it is unclear why he would choose to assign such a claim. Second, it is unclear what the basis of a bad faith claim would be considering that Jaime has no obligation on the excess verdict.

For these reasons, reconsideration is denied.

Dated: September 11, 2023

/s/Christine M. Gravelle
United States Bankruptcy Judge